UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COUNTRY CLUB VILLA PROPERTIES,

Plaintiff,

v.

COMCAST CABLE
COMMUNICATIONS, LLC,

Defendant.

Case No. 25-cv-02006-NW

**ORDER GRANTING MOTION TO DISMISS AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE**

Re: ECF No. 27

Plaintiff Country Club Villa Apartments ("Country Club") brings suit against Defendant Comcast Cable Communications, LLC ("Comcast"), alleging that Comcast trespassed on Country Club's property and used Country Club's electrical equipment without permission. Compl., ECF No. 1-1. Comcast moves to dismiss only Country Club's fifth claim for unlawful business practices pursuant to Cal. Bus. & Prof. Code 17200. ECF No. 27. Additionally, Comcast moves to strike portions of Country Club's complaint. *Id*.

The Court finds this matter suitable for resolution without oral argument and VACATES the hearing set for February 18, 2026. L.R. Civ. 7-1(b). Defendant's motion to dismiss is GRANTED with leave to amend, and Defendant's motion to strike is GRANTED in part and DENIED in part. ECF No. 27.

I.      **BACKGROUND**[1]

Country Club is a multi-family apartment community in San Jose, California. Comcast is a Delaware limited liability company offering cable services. Country Club alleges that Comcast has been trespassing on its property and accessing its electrical equipment without permission for

---

[1] The factual background is drawn from the complaint. *See* ECF No. 1-1.

decades.

Country Club explains that it hired a third-party cable company (not Comcast) to install a cable system throughout its property in 1987.  Country Club also "created an equipment room" on its property, from which it could broadcast television to the various apartments.  Compl. ¶ 9.

In the fall of 2023, Country Club "became aware" that Comcast was entering its property, accessing electrical equipment, and connecting Comcast's equipment with Country Club's own equipment, without Country Club's permission.  *Id*. ¶ 14.  Country Club contends that Comcast was doing so to "make use of the power generated by" Country Club's "electrical conduits," and "to provide power to apartment units located on a separate parcel across the street."  *Id*. ¶¶ 14-15.

Soon after discovering Comcast's entry onto its property, Country Club met with Comcast representatives "to discuss Defendant's trespassing."  *Id*. ¶ 16.  At the meeting, Country Club informed Comcast that Comcast's map, which indicated that the electrical equipment sat on public property, was incorrect and that Comcast was using Country Club's equipment without authorization.  Country Club instructed Comcast to immediately disconnect its equipment and to stop accessing the property.

Country Club stresses that it has "never contracted with," "never entered into any agreement with," and "never entered into any agreement with [Comcast] that would allow [Comcast] an easement over any portion of the Property or that would allow Defendant any right-of-way or right of access to electrical equipment."  *Id*. ¶¶ 11-13.  Country Club explains that "[t]o date, Defendant's equipment remains at the Property, and Plaintiff is informed and believes that Defendant continues to utilize Plaintiff's Electrical Equipment without Plaintiff's consent or authorization."  *Id*. ¶ 19.  Country Club has been attempting to update electrical systems on its property with the help of third-party AT&T, but Comcast's "actions have significantly hindered and delayed this project."  *Id*. ¶ 20.

Country Club brings five claims against Comcast: (1) trespass, (2) private nuisance, (3) conversion, (4) intentional interference with prospective economic advantage, and (5) unlawful business practice pursuant to Bus. & Prof. Code § 17200 ("UCL").  For its first four causes of action, Country Club seeks $1,000,000 in special damages, "$1,00,000 [sic] for the annoyance,

disturbance, and emotional distress caused," and "$2,000,000, for Defendant's continuous course of conduct performed with malice," as well as injunctive relief.   For the fifth cause of action – unlawful business practice – Country Club seeks injunctive relief, disgorgement, and restitution.

## II.    DISCUSSION

Comcast moves to dismiss only the fifth cause of action.  ECF No. 27.  Comcast additionally asks the Court to strike portions of Country Club's complaint that reference punitive damages and allegations that Comcast acted with malice.  *Id*.  Country Club opposed the motion to dismiss and strike, and Comcast filed a reply.  ECF Nos. 36, 37.

### A.    Motion to Dismiss

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the [plaintiff]."  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Country Club brings a claim for "unlawful business practice" under the UCL.[2]  To state a claim under the unlawful prong of the UCL, a plaintiff "must, at a minimum, ***plead*** that" they lack "adequate remedies at law" if they seek equitable relief.  *Johnson v. Trumpet Behav. Health, LLC*, No. 3:21-CV-03221-WHO, 2022 WL 74163, at *3 (N.D. Cal. Jan. 7, 2022) (internal quotation and citation omitted) (emphasis in original).  To meet this burden, Country Club must plead "specific facts showing that damages are 'inadequate or incomplete.'"  *Norman v. Gerber Prods. Co.*, No. 21-CV-09940-JSW, 2023 WL 122910, at *3 (N.D. Cal. Jan. 6, 2023) (internal citation omitted).  Here, Country Club fails to allege that it lacks an adequate remedy at law.  Nor has Country Club

---

[2] Given that Country Club makes no mention of fraudulent or unfair business practices, and references only "unlawful business practice," the Court finds that Country Club has only attempted to bring a claim under the unlawful prong of the UCL.  Country Club concedes in its opposition to the motion to dismiss that "the Complaint does not explicitly use the term 'unfair'," but argues that "the conduct described is unequivocally unfair" and "therefore [Country Club] alleges both unfair and unlawful conduct."  Opp'n at 12.  To the extent Country Club attempted to plead claims under the other prongs of the UCL, it has failed to adequately allege those claims, and those claims are dismissed.

United States District Court
Northern District of California

alleged its claims in the alternative, in the event there was no adequate remedy at law. Country Club does not assert that the monetary damages or injunctive relief available from its trespass, conversion, private nuisance, or intentional interference claims will be "inadequate or incomplete" to address its monetary losses, the alleged on-going behavior by Comcast, or the benefit provided to Comcast from using Country Club's equipment. At this pleading stage, while Country Club "need not explain in great detail why [its] legal remedies are insufficient[,]" it must at least provide "an allegation to that effect." *Rabin v. Google LLC*, 725 F. Supp. 3d 1028 (N.D. Cal. 2024). Defendant's motion to dismiss is GRANTED with leave to amend.[3]

### B. Motion to Strike

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) "motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "Motions to strike 'are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'" *Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 879 (N.D. Cal. 2011). Motions to strike "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F.Supp.2d 1048, 1057 (N.D. Cal. 2004).

Comcast asks the Court to strike portions of Country Club's punitive damages allegations as improper and prejudicial, specifically: (1) the dollar amount of punitive damages; (2) the term "malicious"; and (3) the request for punitive damages stated in the prayer for relief.

As for the first request, Country Club "concedes the punitive damages claim should not

---

[3] Comcast additionally argues that Country Club lacks standing to bring a UCL claim because Country Club is not a competitor or consumer of Comcast. For a private party to have standing to bring a claim under the UCL, it must have "suffered injury in fact and [have] lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Here, Country Club has demonstrated standing to bring its UCL claim because Country Club adequately alleged an injury in fact as a result of the alleged unlawful business practices by Comcast, including, for example, interference with Country Club's efforts to work with third-party AT&T to upgrade its equipment. *See* Compl. ¶ 20.

state an exact dollar amount pursuant to California Civil Code section 3295(e)."  Opp'n at 18.  The Court grants Comcast's motion to strike and strikes the references to the dollar amount of punitive damages stated in paragraph 1(c) of the prayer for relief.  *See* Compl. at 7.

For the latter two requests, Comcast argues that Country Club's pleadings for punitive damages are insufficient and impertinent given the use of the term "malicious," and should be stricken.  The Court disagrees.  Here, the complaint alleges that "Defendant has engaged in intentional, wrongful, and malicious acts or omissions including, among other things, repeated trespass onto the Property."  Compl. ¶ 43.  This allegation, along with Country Club's allegation that it "met with Defendant's representatives," is adequate to put Comcast on notice of the nature of the punitive damages.  At this stage, the Court cannot conclude that Country Club's request for punitive damages and reference to "malicious acts" has "no possible bearing on the subject of the litigation."  *Platte Anchor Bolt*, 352 F.Supp.2d at 1057.  Accordingly, the Court denies in part Comcast's motion to strike.

## III.    CONCLUSION

Comcast's motion to dismiss is GRANTED with leave to amend, and Comcast's motion to strike is GRANTED in part and DENIED in part.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (pursuant to Rule 15(a), leave to amend "should be freely granted when justice so requires," keeping in mind the underlying purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities.") (en banc) (internal quotes and ellipses omitted).

Country Club is permitted to file an amended complaint within 21 days from this Order.  Country Club is granted leave to amend only its unlawful business practice claim and shall update its amended complaint to strike any reference to the dollar amount of the punitive damages claim.  The Court does not grant Country Club leave to amend the complaint to add any additional claims or parties.

**IT IS SO ORDERED.**

Dated: February 17, 2026

_____
Noël Wise
United States District Judge