United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

COUNTRY CLUB VILLA PROPERTIES,
Plaintiff,

v.

COMCAST CABLE COMMUNICATIONS, LLC,
Defendant.

Case No. 25-cv-02006-NW (VKD)

**ORDER RE AUGUST 12, 2026 DISCOVERY DISPUTE RE PLAINTIFF'S RFPS 19 AND 20**

Re: Dkt. No. 63

The parties ask the Court to resolve their dispute regarding plaintiff Country Club Villa Properties' ("CCVP") RFPs 19 and 20 to defendant Comcast Cable Communications, LLC ("Comcast"). Dkt. No. 63. The Court finds this dispute suitable for resolution without oral argument. Civil. L.R. 7-1(b).

For the reasons explained below, the Court orders Comcast to produce a narrowed set of documents responsive to RFPs 19 and 20 in connection with CCVP's trespass claim.

## I. BACKGROUND

In this action, CCVP asserts several claims, including a claim that Comcast trespassed on CCVP's property "on numerous occasions" and "without [CCVP's] consent, authorization, or permission." Dkt. No. 44 ¶ 30. Specifically, CCVP alleges that "for the past several decades" Comcast has entered onto CCVP's property and used its electrical equipment, which is located on the property, to provide Comcast's own services to third parties, including residents living across the street from CCVP's property. *Id.* ¶¶ 19-20. CCVP also asserts a claim for unlawful business practices, under California Business & Professions Code § 17200 ("UCL"), contending that Comcast "gain[ed] an advantage over competitors" and "reap[ed] unauthorized benefits" from

using CCVP's property, electrical equipment, and the power. *Id.* ¶¶ 54-56.

CCVP explains that it served RFPs 19 and 20, set out below, to obtain documents relevant to its trespass and UCL claims:

> RFP 19: All DOCUMENTS and COMMUNICATIONS RELATED TO the profits YOU reaped in using the PROPERTY to provide services to third parties, including use of PLAINTIFF's electrical equipment as described in the COMPLAINT.
>
> RFP 20: All DOCUMENTS and COMMUNICATIONS RELATED TO the profits YOU reaped in providing services to FAIRWAY GLEN.

Dkt. No. 63 at 1, 2-3.

## II. DISCUSSION

A party may obtain discovery of any nonprivileged matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Citing California Civil Code § 3334, CCVP argues that it is entitled to discovery of Comcast's profits as a measure of the "benefits obtained" from Comcast's "wrongful occupation" of CCVP's property. *Id.* at 2. Alternatively, CCVP argues that discovery of Comcast's profits is relevant to the value of a "commission" CCVP says it would have received had it entered into a contract permitting Comcast to use the property. *Id.* at 3. Comcast objects to producing responsive documents on three grounds. First, it argues that the "benefits obtained" provision of Civil Code § 3334 does not apply because the alleged trespass is not the source of financial benefit or advantage for Comcast. Second, it argues that the UCL only permits restitution, not damages in the form of a "commission" CCVP could have obtained. Third, it argues that the discovery is "grossly disproportionate" to the needs of the case. *Id.* at 4-7.

The Court agrees with Comcast that CCVP has not articulated a theory of restitution under the UCL that could plausibly support discovery of Comcast's revenue or profits. *See Korea*

*Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1148 (2003) ("This court has never approved of nonrestitutionary disgorgement of profits as a remedy under the UCL. . . . Under the UCL, an individual may recover profits unfairly obtained to the extent that these profits represent monies given to the defendant or benefits in which the plaintiff has an ownership interest."). Accordingly, the Court considers whether the documents CCVP seeks are relevant to its trespass claim or a defense to that claim.

Section 3334 provides in relevant part:

> (a) The detriment caused by the wrongful occupation of real property . . . is deemed to include the value of the use of the property for the time of that wrongful occupation, . . . the reasonable cost of repair or restoration of the property to its original condition, and the costs, if any, of recovering the possession.
>
> (b)(1) Except as provided in paragraph (2), for purposes of subdivision (a), *the value of the use of the property shall be the greater of the reasonable rental value of that property or the benefits obtained by the person wrongfully occupying the property by reason of that wrongful occupation*.
>
> (2) If a wrongful occupation of real property subject to this section is the result of a mistake of fact of the wrongful occupier, the value of the use of the property, for purposes of subdivision (a), shall be the reasonable rental value of the property.

Cal. Civ. Code § 3334 (emphasis added). The statute does not define the phrase "benefits obtained," but at least three California courts of appeal have construed it to mean "any financial benefit obtained as a result of the trespass." *See Bailey v. Outdoor Media Group.*, 155 Cal. App. 4th 778, 784-85 (2007) (citing *Watson Land Co. v. Shell Oil Co.*, 130 Cal. App. 4th 69 (2005) and *Starrh & Starrh Cotton Growers v. Aera Energy LLC*, 153 Cal. App. 4th 583 (2007)). Such benefits "include profits the trespasser generated 'that are directly linked to the wrongful trespass.'" *Id.* at 784 (quoting *Starrh & Starrh Cotton Growers*, 153 Cal. App. 4th at 604).

Comcast resists discovery on the basis that its revenues from communications "are independently derived" and are not "generated by the boxes CCVP identified" on CCVP's property. Dkt. No. 63 at 5. It also argues, citing the legislative history of the 1992 amendments to § 3334(b), that the "benefits obtained" language applies only to "polluters, not ordinary

trespassers." *Id.*

While Comcast may be correct that CCVP will ultimately be unable to prove that Comcast obtained any financial benefit as a result of Comcast's alleged trespass—i.e. the installation of equipment and use of CCVP's equipment and CCVP's property by Comcast to provide services to third parties—the Court is unable conclude on the record presented that CCVP cannot ever make this showing, or that it should be denied discovery that may allow it to prove the quantum of the benefit obtained. California courts broadly construe the "benefit obtained" provision, and such benefits may include costs avoided as well as profits received, or even gross revenue, so long as causation is established. *See Starrh & Starrh Cotton Growers*, 153 Cal. App. 4th at 604 ("benefits obtained" includes, but is not limited to, costs avoided by means of the trespass); *Bailey*, 155 Cal. App. 4th at 788 ("We hold [ ] that when . . . the defendant presents credible evidence of the expenses it incurred, the trial court may offset those expenses against the gross income generated and award the profit as the benefit obtained under section 3334."); *C&C Props., Inc. v. Shell Pipeline Co.*, No. 1:14-cv-1889-LHR-CDB, 2024 WL 2187761, at *6 (E.D. Cal. May 15, 2024) (following remand, concluding that § 3334(b)(1) does not prohibit an award of gross revenue, even where there is evidence of a trespasser's costs, and ordering remittitur of jury's damages against Shell to reflect the amount of gross revenues), *appeal dismissed*, No. 24-3803, 2025 WL 1749982 (9th Cir. Jan. 16, 2025); *see also C&C Props., Inc. v. Alon Bakersfield Prop., Inc.,* No. 19-17463, 2023 WL 3300370, at *3 (9th Cir. May 8, 2023) ("C&C's method for calculating Shell's benefits was sufficiently linked to the advantages of the trespass and supported by an expert report."). Moreover, whatever the genesis of the statutory language added by amendment, it is clear that the "benefits obtained" measure of damages is not limited to trespass involving illegal dumping or pollution, as no such limitation appears anywhere in the statute.

Comcasts final objection—that RFPs 19 and 20 seek discovery that is not proportional to the needs of the case—fares better. To the extent CCVP seeks "all documents" and "all communications" "related to" Comcast's profits or related to the use of unspecified property or equipment not identified or described in the operative complaint, its document requests exceed the boundaries of discovery pertinent to its trespass claim. CCVP has not shown that it requires the

production of "all documents" responsive to these requests.

Accordingly, the Court resolves this dispute as follows: Comcast must produce documents sufficient to show the profits it[1] reaped, in whole or in part, from using the specific locations or portions of the property identified and described by CCVP in the operative complaint or in a pertinent interrogatory answer to provide services to third parties, including FAIRWAY GLEN.

**IT IS SO ORDERED.**

Dated: August 24, 2026

Virginia K. DeMarchi
United States Magistrate Judge

[1] "YOU" as defined in CCVP's document requests.