United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

COUNTRY CLUB VILLA PROPERTIES,
Plaintiff,

v.

COMCAST CABLE COMMUNICATIONS, LLC,
Defendant.

Case No. 25-cv-02006-NW (VKD)

**ORDER RE DISCOVERY DISPUTES**

Re: Dkt. Nos. 70, 71, 75, 76, 77, 78, 79

Within the past several weeks, the parties have filed an extraordinary number of discovery disputes, all of them filed either on the last day of fact discovery or after the close of fact discovery and on the very last day permitted by Civil L.R. 37-3. In all of these disputes, the parties seek relief that extends past the close of fact discovery, contrary to the scheduling order set by the presiding judge.

The Court admonishes the parties for failing to cooperate in the conduct of reasonable and proportional discovery in this case and for waiting until the close of discovery to ask the Court to resolve their multitude of disputes. All of these disputes are suitable for resolution without oral argument. *See* Civil L.R. 7-1(b). The Court resolves each dispute as detailed below, and subject to the further proceeding set forth at the end of this order.

**1. Dkt. Nos. 70, 73 – Comcast's financial condition**

CCVP demands that Comcast produce "all documents evidencing the financial condition of Comcast Cable Communications, LLC (including all assets and liabilities) for the period from January 1, 2025 to the present, including but not limited to, financial statements, annual reports, balance sheets, asset and liability statements and profit and loss statements." Dkt. No. 70 at 1

(RFP 27). It also demands Rule 30(b)(6) testimony from Comcast regarding its "financial condition . . . including all assets and liabilities . . . for the period from January 1, 2025 to the present." *Id.* (topic 33). CCVP argues it requires this information in order to sustain its burden of proof with respect to its claim for punitive damages against Comcast. *Id.* at 2-3. Comcast objects that the discovery CCVP seeks is improper and overbroad. Dkt. No. 73.

CCVP is correct that the federal procedural rules, not state law, govern when and how evidence of a defendant's financial condition relevant to punitive damages may be obtained. *See LL B Sheet 1, LLC v. Loskutoff,* No. 16-cv-2349-BLF (HRL), 2016 WL 7451632, at *2 (N.D. Cal. Dec. 28, 2016). Evidence of Comcast's financial condition is relevant to the question of the size of any punitive damages award. *Kaffaga v. Est. of Steinbeck*, 938 F.3d 1006, 1018 (9th Cir. 2019) (citing *Adams v. Murakami,* 54 Cal. 3d 105, 119-123 (1991)); *see also Adams*, 54 Cal. 3d at 110-116. Because only net, not gross, figures are relevant, CCVP has the burden to present evidence of Comcast's assets, income, liabilities, and expenses. *See Kaffaga*, 938 F.3d at 1018.

Accordingly, the Court orders Comcast to produce documents sufficient to show the financial condition of Comcast Cable Communications, LLC, including all assets, income, liabilities, and expenses, for the period from January 1, 2025 to September 30, 2026. The documents must include, or be accompanied by, sufficient explanation or context, so that they can be understood by a reasonably competent person with financial accounting expertise. This production is due no later than **October 20, 2026**, subject to the further requirements set forth at the end of this order. The additional discovery CCVP demands—e.g., "all documents" or Rule 30(b)(6) deposition testimony—is not proportional to the needs of the case. The Court expects Comcast to stipulate to the authenticity of the documents sufficient to show its financial condition; otherwise, the Court will reconsider its denial of CCVP's request for deposition testimony responsive to topic 33 of CCVP's Rule 30(b)(6) notice.

**2. Dkt Nos. 71, 74, 79 – Comcast revenue and profits**

CCVP seeks documents and testimony regarding the profits Comcast obtained from using CCVP's property and equipment to supply services to the residential complexes at Fairway Glen and Tee Garden, citing CCVP's updated interrogatory response describing the use CCVP believes

United States District Court
Northern District of California

Comcast made of its property and equipment. *See* Dkt. No. 71 at 2-3 (RFPs 24-26); Dkt. No. 79 at 2-3 (RFPs 45-49). CCVP also seeks Rule 30(b)(6) deposition testimony from Comcast regarding such profits and any agreements with the neighboring residential complexes. Dkt. No. 71 at 2-3 (topics 25-32). Comcast asserts that it has already produced responsive documents, and that no deposition testimony is necessary. Dkt. No. 74.

For the reasons previously explained in the Court's August 24, 2026 order, the discovery CCVP seeks is relevant to the application of California Civil Code § 3334(b)(1) in this case. *See* Dkt. No. 69. Accordingly, if it has not already done so, Comcast[1] must produce documents sufficient to show the profits[2] it reaped, in whole or in part, from using the specific locations or portions of the property, identified and described by CCVP in the operative complaint or in a pertinent interrogatory answer, to provide services to third parties, including Fairway Glen and Tee Garden, for the period of time from January 1, 2020 to the present. This production is due no later than **October 20, 2026**, subject to the further requirements set forth at the end of this order. In addition, Comcast must designate a witness or witnesses to testify on its behalf regarding CCVP's Rule 30(b)(6) notice, topics 25-32. The deposition shall be scheduled at a mutually agreeable date and time to occur no later than **November 6, 2026**, subject to the further requirements set forth at the end of this order. The deposition on these topics shall be limited to 2 hours on the record.

### 3. Dkt. No. 75 – subpoena to CableCom

CCVP and non-party CableCom advise that, although the fact discovery deadline has passed, CableCom did not object to producing documents responsive to CCVP's subpoena and is willing to produce a witness to testify in deposition. *See* Dkt. No. 75.

Accordingly, if it has not already done so, CableCom shall produce documents responsive

---

[1] For purposes of this discovery dispute, Comcast's obligations are limited to Comcast Communications, LLC, unless some related Comcast entity also receives revenue or profits from the alleged use of CCVP's equipment and property in connection with services provided to Fairway Glen and Tee Garden.

[2] If a profits amount is not available. Comcast shall produce documents sufficient to show its revenue instead.

to CCVP's document subpoena and designate a witness or witnesses to testify on CableCom's behalf pursuant to CCVP's deposition subpoena, on a mutually agreeable date and time to occur no later than **November 6, 2026**, subject to the further requirements set forth at the end of this order.

**4. Dkt. No. 76 – subpoena to FiberTel**

CCVP seeks to enforce a subpoena for documents and deposition testimony against non-party FiberTel, LLC, a subsidiary of Quanta Services, Inc. Dkt. No. 76. CCVP served the operative subpoena on August 28, 2026. The subpoena specified September 4, 2026 as the date for production of responsive documents and FiberTel's deposition. The subpoena did not specify a location for the production of documents or for the deposition; it indicated only that the deposition would be by "Remote Zoom Video Conference." *See id.*, Ex. B.

The Court agrees with FiberTel that the subpoena is unenforceable for several reasons. First, the subpoena did not provide a reasonable time to comply before the close of fact discovery. *See* Fed. R. Civ. P. 45(d)(3)(A)(i). Second, the subpoena did not specify a place of compliance. *See* Fed. R. Civ. P. 45(c). Third, to the extent FiberTel is headquartered in Utah and does not "regularly transact business" in the Northern District of California, the subpoena would not be proper if it purported to require FiberTel to produce documents or provide testimony in San Jose, more than 100 miles from its headquarters. *See* Fed. R. Civ. P. 45(c)(1)(A), (2)(A). It is not clear from the record whether FiberTel regularly transacts business in San Jose. As the party seeking to enforce the subpoena, CCVP has the burden to show that the subpoena compels compliance in a location that complies with Rule 45; it has not done so.

To the extent FiberTel has made a commitment to CCVP to produce documents and provide a witness, *see* Dkt. No. 76 at 4, nothing in this order prevents it from following through on its commitment. However, the Court declines to issue an order compelling compliance with CCVP's subpoena because of the defects in the subpoena identified above.

**5. Dkt. No. 77 – PacBell service to CCVP**

Comcast demands that CCVP produce a knowledgeable witness prepared to testify about information reasonably available to CCVP regarding topics 18 and 19 in Comcast's Rule 30(b)(6)

deposition notice. The Court agrees that Ms. Cortese, CCVP's designee, was not adequately prepared to testify regarding these topics to the extent she failed to consult with Dave Cortese, the General Manager from CCVP from the 1980s until 2001. *See* Dkt. No. 76 at 5. Mr. Cortese's information is reasonable available to CCVP, even if Ms. Cortese did not have an opportunity to obtain that information from him before the September 4, 2026 deposition.

Accordingly, the Court orders CCVP to produce a witness who is prepared to answer questions within the scope of topics 18 and 19 for further deposition at a mutually agreeable date and time to occur no later than **October 30, 2026**, subject to the further requirements set forth at the end of this order. The deposition as to these topics shall be limited to 2 hours on the record. At a minimum, the designated witness must consult with Dave Cortese to obtain all information known to him within the scope of topics 18 and 19.

**6. Dkt. No. 78 – AT&T contract**

The parties disagree about whether CCVP has produced a complete copy, including Exhibit H, of CCVP's contract with AT&T, and whether CCVP should produce a witness who is prepared to answer questions about documents produced during and after Comcast's Rule 30(b)(6) deposition of CCVP regarding the AT&T contract. The Court agrees that because CCVP produced a significant number of responsive documents concerning the AT&T contract during and after the September 4, 2026 deposition, Comcast did not have an adequate opportunity to question CCVP's designated witness about those materials.

Accordingly, the Court orders CCVP to produce a complete copy of the AT&T contract **October 16, 2026** or advise Comcast in writing that it has conducted a diligent search for a complete copy, has not been able to locate one, and has no other responsive documents concerning the contract to produce. In addition, the Court orders CCVP to produce a witness for further deposition regarding the AT&T contract at a mutually agreeable date and time to occur no later than **October 30, 2006**, subject to the further requirements set forth at the end of this order. The deposition as to this topic shall be limited to 2 hours on the record.

**7. Dkt. No. 79 – Comcasts lease agreements**

CCVP demands that Comcast produce all agreements Comcast entered into since January

1, 2020, pursuant to which Comcast acquired, leased, licensed, or otherwise obtained the right to install, maintain, or operate telecommunications facilities on private property in Santa Clara County, as well as documents sufficient to show the compensation Comcast paid or agreed to pay for such rights. Dkt. No. 79 at 2, 3 (RFPs 52, 53). In addition, CCVP demands that Comcast identify all third parties to whom Comcast paid compensation for use of private property in Santa Clara County, and the amount of compensation paid, for the period of time from January 1, 2020 to the present. *Id.* at 2, 3 (Interrogatories 23, 24). Comcast responds that the parties have reached agreement as to these discovery requests and that there is "nothing for the Court to decide." *Id.* at 4-5.

As there appears to be little or no dispute regarding these discovery requests, the Court orders as follows: If it has not already done so, Comcast[3] must produce documents sufficient to show all agreements Comcast entered into since January 1, 2020, pursuant to which Comcast acquired, leased, licensed, or otherwise obtained the right to install, maintain, or operate telecommunications facilities on private property in Santa Clara County, as well as documents sufficient to show the compensation Comcast paid or agreed to pay for such rights. This production is due no later than **October 20, 2026**, subject to the further requirements set forth at the end of this order. In addition, Comcast must identify the third parties to whom Comcast paid compensation for use of private property in Santa Clara County, and the amount of compensation paid, for the period of time from January 1, 2020 to the present, in verified responses to CCVP's Interrogatories Nos. 23 and 24. These responses are due no later than **October 20, 2026**, subject to the further requirements set forth at the end of this order.

**8. Further proceedings required**

This Court does not have the authority to alter the scheduling order set by the presiding judge so as to permit fact discovery past the September 4, 2026 deadline. By **October 14, 2026**, the parties shall file a stipulated request addressed to Judge Wise seeking relief from the

[3] For purposes of this discovery dispute, Comcast's obligations are limited to Comcast Communications, LLC, unless some related Comcast entity is the contracting party or the party that paid compensation.

September 4, 2026 fact discovery deadline for the sole purpose of conducting the further discovery authorized by this order.

**IT IS SO ORDERED.**

Dated: October 10, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California